[Civ. No. 5595. First Appellate District, Division One.—May 7, 1926.]

AUGUST M. SALENEEK, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—New and Further Disability—Evidence — Findings — Certiorari. — In this proceeding to obtain an award of additional compensation upon the claim that petitioner's hernia had increased in size subsequent to the making of the permanent disability award in his favor and that certain back trouble had developed as a result thereof, the findings of the Industrial Accident Commission that the evidence was insufficient to establish as a fact that petitioner's hernia was any worse than it was at the time of the permanent disability award, that he had not suffered any new and further disability, and that the painful condition of his back was not in anywise caused or aggravated by his injury or the treatment thereof, were not only based upon conflicting evidence, but such testimony preponderated in favor thereof, and the appellate court was without power to interfere with the order of the commission denying additional compensation.

(1) Workmen's Compensation Acts, C. J., p. 123, n. 41, p. 128, n. 27, p. 132, n. 77.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission denying additional compensation. Award affirmed.

The facts are stated in the opinion of the court.

George Rosen for Petitioner.

Warren H. Pillsbury and G. C. Faulkner for Respondents.

TYLER, P. J.—*Certiorari* to review the action of the Industrial Accident Commission in denying petitioner additional compensation for an alleged new and further disability resulting from an original injury.

[1] The record discloses that petitioner while at work on December 1, 1921, sustained a ventral hernia, or rupture.

1.   See 27 Cal. Jur. 579; 28 R. C. L. 829.

. . . .

An application was filed with respondent Commission on February 24th of the following year as a result of which the Commission awarded him certain compensation. Being dissatisfied with the amount of the award, petitioner filed a writ of review in this court for the purpose of having the award annulled. This petition was denied September 5, 1922. Thereafter he applied to the Commission for a permanent disability allowance for his hernia and on March 21, 1924, the Commission allowed him compensation for a permanent partial disability of ten per cent, amounting to the sum of $833.20. He claimed that the allowance was inadequate and again petitioned this court for a writ of review. This petition was denied on October 17, 1924. A petition for rehearing in the supreme court was then filed. This petition was also denied by that court. On June 3, 1924, Saleneek again applied to respondent Commission for further compensation. This proceeding was predicated upon the claim that the hernia had increased in size and that certain back trouble had developed as a result thereof. A hearing was had by the Commission. Upon such hearing three of the physicians who had previously examined petitioner filed reports. One of them in his report stated in effect that the hernia was larger, but the other two found no material change in the condition thereof, one reporting that he could hardly find the hernia at all. With this conflict before it, the Commission called two other physicians to examine petitioner. Their reports are to the effect that there had been no increase in the size of the hernia since the previous award. The Commission, in accordance with this testimony, found that the evidence was insufficient to establish as a fact that the applicant's ventral hernia was any worse than it was at the time of the decision as to the extent of his disability on March 21, 1924, and he had not, therefore, suffered any new and further disability. It further found upon sufficient testimony that the alleged painful condition of Saleneek's back was not in anywise caused or aggravated by his injury or the treatment thereof. It is apparent that these findings are not only based upon conflicting testimony, but that such testimony preponderates in favor thereof. Saleneek applied for a rehearing and this petition was denied on November 12, 1925. The present petition followed.

A further review or analysis of the medical testimony would answer no useful purpose. There is a decided conflict therein, and, moreover, the weight of the testimony is in favor of the award. This being so, we are without power to interfere therewith.

The award is affirmed.

Cashin, J., and Knight, J., concurred.